IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LINDA WHITE, et al.                                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:21-CV-162-SA-JMV

CITY OF HERNANDO, et al.                                              DEFENDANTS

ORDER

There are multiple Motions [12, 17, 19] pending in this case. Although the Court will not dispose of all of those Motions in this Order, they are all interrelated, and the Court will make reference to each of them.

*Relevant Factual and Procedural Background*

This civil lawsuit arises from a high-speed chase that occurred during the early morning hours of July 27, 2019 in Hernando, Mississippi. On that morning, Officer Alec Chatham of the Hernando Police Department attempted to initiate a traffic stop on a maroon Nissan Maxima, which was travelling southbound on Highway 51 in Hernando. Although the driver of the Maxima initially stopped, the driver then sped away, and a chase ensued.

During the pursuit, the Maxima reached speeds of approximately 100 miles per hour. While attempting to catch the Maxima, Officer Chatham maintained contact with the Hernando Police Department through dispatch. At some point, Lieutenant Jason Coleman advised Officer Chatham to terminate the pursuit. Officer Chatham apparently complied with this directive, and the pursuit ended.

According to the Amended Complaint [6], although Officer Lynn Brown of Hernando Police Department was not initially involved in the chase, he was aware of the pursuit and was likewise aware of Lieutenant Coleman's decision to terminate it. The Plaintiffs further allege that

"[d]espite being fully aware that Lieutenant Coleman had directed a termination of the pursuit of the maroon Maxima, Officer Brown engaged in further pursuit of the same car." [6] at p. 6. According to the Plaintiffs, Officer Brown attempted to perform a Tactical Vehicle Intervention Maneuver on the Maxima, which caused the Maxima to flip. Two occupants of the Maxima, Jesse White and Kristopher Ford, died as a result of the crash.

On July 26, 2021, Linda White (as mother and next of kin of Jesse White) and Kathryn Bonds (as mother and next of kin of Kristopher Ford) initiated this action. In their Amended Complaint [6], they name as defendants the City of Hernando, Chief of Police Scott Worsham (in his official capacity), and Officer Lynn Brown (in his individual and official capacity). The Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 for purported violations of the Fourth and Fourteenth Amendments, as well as various state law claims.

On October 8, 2021, the Defendants filed a Motion for Judgment on the Pleadings or, alternatively, for Summary Judgment [12]. The Defendants contend that the Plaintiffs have not alleged a constitutional violation and that the federal claims must be dismissed. Specifically concerning the individual capacity claim, Officer Brown raises the defense of qualified immunity. The Defendants also raise various potential bases for dismissal as to the state law claims. Four days later, on October 12, 2021, the Court, recognizing that the Defendants' Motion [12] raised immunity defenses, entered an Order [14] staying proceedings pursuant to Local Rule 16(b)(3)(B). The Plaintiffs have not responded in opposition to the Defendants' Motion [12] but instead filed a Motion to Lift Stay [17] and a Motion for Additional Discovery [19], wherein they request time to conduct additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. The Defendants oppose both Motions [17, 19].

*Analysis and Discussion*

To the extent possible, the Court will address the Plaintiffs' Motions [17, 19] together, as they essentially seek the same relief. As noted above, the Court imposed the stay of this case pursuant to Local Rule 16(b)(3)(B). That rule provides as follows:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

L. U. CIV. R. 16(b)(3)(B).

The Plaintiffs emphasize the second sentence of the rule—in particular, the Court's discretion to permit discovery on certain issues. They specifically argue "it is clear that further discovery is necessary. Defendants throughout their motion rely upon the various Exhibits attached thereto. Those exhibits . . . include factual assertions that directly contradict the factual allegations made by Plaintiffs within the Amended Complaint." [19] at p. 3. The Plaintiffs then note specific discrepancies between the Defendants' exhibits and the allegations of the Amended Complaint [6] and argue that they need discovery to learn more about those discrepancies.

The Fifth Circuit has made clear that "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive[.]" *Backe v. LeBlanc*, 391 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). To give full effect to those benefits, the Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Id*. Importantly, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would

3

overcome the defense of qualified immunity.'" *Id.* (quoting *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994-95 (5th Cir. 1995)) (additional citation omitted). The Fifth Circuit continued:

> Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover only those facts needed to rule on the immunity claim."

*Id.* (quoting *Lion Boulous v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)) (emphasis in original); *see also Wooten v. Roach*, 964 F.3d 395, 406 (5th Cir. 2020). Citing *Backe*, the Defendants assert that additional discovery is not necessary because "Plaintiffs have not plausibly pled a constitutional violation, much less plausibly pled what is necessary to overcome the additional hurdles of qualified immunity, *Monell*, or the MTCA." [21] at p. 1-2.

Applying the above-referenced test, the Court finds that the stay should not be lifted at this time. As noted above, one of the advantages of qualified immunity, a well-established principle, is the right to avoid being subjected to pre-trial discovery. *See Zapata v. Melson*, 750 F.3d 481, 484-85 (5th Cir. 2014) (citations omitted). Throughout their Motion [12], the Defendants take the position that, even accepting the allegations of the Plaintiffs' Amended Complaint [6] as true, they have not alleged a constitutional violation. Additional discovery is simply not needed to resolve that question.

In addition, the Court notes another case pending in this District involving many of the same parties and attorneys. *See Hoyle v. City of Hernando, et al.*, N.D. Miss. Cause No. 3:21-CV-171-NBB-RP. In that case, the plaintiff filed suit against the City of Hernando alleging that he sustained injuries when he was physically attacked by a K-9 and Officer Brown. After the

defendants filed a motion for judgment on the pleadings raising immunity defenses, the plaintiff, similar to the Plaintiffs in the case at bar, filed a motion to lift the stay. On December 9, 2021, Magistrate Judge Percy entered an Order denying the request, specifically holding:

> In order for the undersigned to exercise discretion and permit immunity related discovery, the court must find that the complaint asserts fact that, if true, would defeat the qualified immunity motion and that the court is unable to rule on the immunity motion without allowing the requested discovery. The undersigned has reviewed Plaintiff's Complaint and cannot make such a finding. Plaintiff has not identified what specific discovery is necessary for the court to rule on the qualified immunity motions. The court also notes that in response to the requests for summary judgment, Plaintiff made no Rule 56(d) showing that for specified reasons, he cannot present facts essential to justify his opposition to the requests, upon which showing the court may defer consideration of the motions or allow Plaintiff time to take discovery before responding to the motions. Plaintiff's Motion to Lift Stay is DENIED.

*Id*. at [49], p. 2.

Like in *Hoyle*, the Plaintiffs here have not identified *specific* discovery that is needed to adequately respond to the pending immunity-based Motion [12]. The Plaintiffs have only made generalized assertions on that point, and the Court therefore rejects their arguments.

Finally, the Court notes the plain language of Rule 56(d):

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows *by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d) (emphasis added).

Despite referencing Rule 56(d), the Plaintiffs have not provided an affidavit or declaration listing specific reasons as to why they cannot present facts to justify their opposition. In fact, they

have not attached any affidavits or declarations at all. Stated differently, the Plaintiffs have not complied with the procedure clearly set forth in Rule 56(d). Additional discovery will not be permitted at this time.

*Conclusion*

For the reasons set forth above, the Plaintiffs' Motion to Lift Stay [17] and Motion for Additional Discovery [19] are DENIED. The Plaintiffs may respond to the Defendants' Motion [12] within fourteen (14) days of today's date. The Court will treat the Motion [12] as unopposed if the Plaintiffs do not do so.

SO ORDERED, this the 28th day of February, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE